United States District Court
District of Massachusetts

```
                                    )
JEANNE HOCHSTETLER,                 )
                                    )
        Plaintiff,                  )
                                    )   Civil Action No.
        v.                          )   12-10735-NMG
                                    )
INTERNATIONAL BUSINESS MACHINES,    )
INC.,                               )
                                    )
        Defendant.                  )
                                    )
```

## MEMORANDUM & ORDER

GORTON, J.

This case arose after plaintiff Jeanne Hochstetler ("plaintiff" or "Hochstetler") was laid off from her technical writing position with defendant International Business Machines, Inc. ("defendant" or "IBM"). Hochstetler alleged that IBM failed to accommodate her Sjogren's Syndrome and terminated her position as part of a group layoff in March, 2010 because of her age and disability, all in violation of Massachusetts General Laws, Chapter 151B. She filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination in December, 2010 but later withdrew that claim to file the instant lawsuit.

In December, 2013, the Court entered summary judgment in favor of IBM with respect to Hochstetler's claims of age and disability discrimination but denied IBM's motion with respect

-1-

to Hochstetler's claim of failure to accommodate. Shortly thereafter, IBM moved to continue the trial date, contending that Hochstetler's claim of failure to accommodate is time-barred because she filed her Charge of Discrimination more than 300 days after that claim accrued. The Court agrees and will therefore dismiss Hochstetler's case against IBM.

I.  **Legal Standard**

Pursuant to M.G.L. c. 151B, § 5, every complaint of discrimination, including claims that an employer failed to provide a reasonable accommodation, must be filed with the Massachusetts Commission Against Discrimination within 300 days of the alleged discriminatory act. See M.G.L. c. 151B, § 5; 804 C.M.R. § 1.10(2). If the conduct giving rise to a claim occurred more than 300 days before the time of filing, the claim is time-barred and must be dismissed.

With respect to claims of failure to accommodate that arise after an employer takes "equivocal action" as to a request to accommodate or no action at all, the limitations period begins to run at the point when the employee

> knew or reasonably should have been aware that the employer was unlikely to afford [her] a reasonable accommodation.

Ocean Spray Cranberries v. Mass. Comm'n Against Discrim., 808 N.E.2d 257, 268 (Mass. 2004).

Massachusetts recognizes an exception to the 300-day statute of limitations for violations of a continuing nature. Under the continuing violation doctrine, a plaintiff may recover for discriminatory acts that occur outside of the 300-day period if 1) such acts are part of an ongoing pattern of discrimination and 2) at least one "discrete violation" occurred within the 300-day period such that it may serve as an "anchor" for the earlier claims. Cuddyer v. Stop & Shop Supermarket Co., 750 N.E.2d 928, 936-37 (Mass. 2001).

## II. Application

The parties agree that Hochstetler' age and disability discrimination claims based on her layoff in March, 2010 can no longer serve as anchoring events for her failure to accommodate claim. They also agree that, assuming that Hochstetler is correct that she filed her Charge of Discrimination on December 4, 2010, the limitations period began on February 7, 2010. They disagree, however, about whether Hochstetler knew or reasonably should have known that IBM was unlikely to provide her a reasonable accommodation before that date. See Ocean Spray, 808 N.E.2d at 268.

Hochstetler summarily asserts that her claim is not time-barred because she did not know or have reason to know that IBM would deny her requests for a reduced workload until she was notified in March, 2010 that she had been selected for layoff.

-3-

IBM, on the other hand, maintains that Hochstetler knew or reasonably should have known well before February 7, 2010. It points to several instances between April and August, 2009 in which Hochstetler complained to her supervisors and an IBM human resources representative about her workload and yet her workload remained the same. For instance, Hochstetler averred in an affidavit accompanying her opposition to defendant's motion for summary judgment that

> I told Jan Steinfeld on more than one occasion that I couldn't complete the 12 goals and asked her to reduce them. Instead of reducing my workload, Jan kept adding more tasks. She said these new tasks were required to achieve the performance level of a band 9 employee. But these tasks were often time-consuming tasks requiring less skill....

IBM maintains that such statements establish that Hochstetler was aware that she would not receive the requested accommodation long before she was laid off in March, 2010. It suggests that the absolute latest date on which Hochstetler became aware that she would not be accommodated was January 20, 2010, when she received a negative yearly performance review based on her alleged failure to complete her 12 goals to her manager's satisfaction.

The Court agrees with IBM and finds that a reasonable person would have known before February 7, 2010 that IBM was unlikely to reduce Hochstetler's workload or afford her a similar accommodation. There is ample evidence in the record

-4-

that IBM rebuffed Hochstetler's repeated requests for a reduced workload long before she was selected for layoff. As a result, the Court will dismiss Hochstetler's claim of failure to accommodate as time-barred under M.G.L. c. 151B, § 5.

### ORDER

For the foregoing reasons, plaintiff's claim of failure to accommodate (Count II) is **DISMISSED with prejudice**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated January 24, 2014